UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WAYNE D. SHEMWELL                                                                                    PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:10-cv-336-CRS

DEPUTY JOHN HELLER, individually
and in his official capacity, and
JEFFERSON COUNTY SHERIFF'S
DEPARTMENT                                                                                          DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of the defendants, Jefferson County Deputy Sheriff John Heller ("Deputy Heller") and Jefferson County Sheriff's Department ("Sheriff's Department" and collectively, "Defendants"), for summary judgment on all claims of the plaintiff, Wayne D. Shemwell ("Plaintiff"). (DN 27). For the reasons set forth below, the motion will be granted.

**I. Background**

Defendants have conceded facts for purposes of their motion for summary judgment and the following facts are not in dispute. Plaintiff is a Baptist minister and was formerly a pastor of the First Baptist Church in LaGrange, Kentucky. (DN 27, Attachment 2, Plaintiff Depo., at 14, 17). During his pastorate, he was recruited by the Oldham County Sheriff's Department ("the Department") to be a chaplain and a member of the special deputy corps. *Id*. at 24-25. Upon completion of training in 2005, he was sworn in by Oldham County Sheriff Steve Sparrow ("Oldham County Sheriff Sparrow") and received a badge and official identification. *Id*. at 26, 29-34. He resigned his pastorate in 2007 and informed Oldham County Sheriff Sparrow. Oldham County

Sheriff Sparrow told Plaintiff that he could remain in his chaplain position, despite resigning from his pastorate. *Id*. at 37-38.

On April 18, 2009, Plaintiff attended Thunder Over Louisville with some family members and arrived in the early afternoon to watch the air show. While Plaintiff was video taping the air show, Jefferson County Deputy Heller approached Plaintiff. *Id*. at 52, 48-49. Deputy Heller had noticed Plaintiff's badge, which Plaintiff was wearing on his belt. *Id*. Deputy Heller asked Plaintiff whether he knew two other officers in the Oldham County Sheriff's Department and Plaintiff responded that he did not know the officers, but that the names sounded familiar. Plaintiff and Deputy Heller engaged in further casual conversation, and then Deputy Heller walked away. Deputy Heller contacted the Oldham County Sheriff's Department and was informed that Plaintiff was no longer associated with the Oldham County Sheriff's Department. Deputy Heller then returned to where Plaintiff was located, grabbed Plaintiff's arm and performed a pat down search of Plaintiff. Deputy Heller arrested Plaintiff for impersonating an officer. *Id*. at 54-60. Before arresting Plaintiff, Jefferson County Deputy Heller also spoke with Oldham County Sheriff Sparrow directly and was instructed to retrieve Plaintiff's badge and identification. Deputy Heller told Plaintiff that Oldham County Sheriff Sparrow had stated that Plaintiff had not been associated with the Oldham County Sheriff's Department in several years. *Id*. Plaintiff's arrest was shown on local television.

The criminal charge of impersonating an officer against Plaintiff was eventually dismissed by the Jefferson District Court. *See* (DN 27, Attachment 5, Case Jacket, *Commonwealth v. Shemwell*, Case No. 09-F-004198). In dismissing the charge, Plaintiff's counsel agreed to a stipulation of probable cause "with regard to only Oldham County Sheriff's Department." *Id*. Plaintiff then brought the present action, which was removed to this court pursuant to 28 U.S.C. §

1441(a), on the basis of jurisdiction under 28 U.S.C. §§ 1331 and 1343. (DN 1). Plaintiff alleges state law causes of action against Defendant Deputy Heller for assault, battery, and defamation. *See* (DN 1, Attachment 2, Complaint). Plaintiff also alleges claims against Defendants for violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983. *Id.* Defendants now move for summary judgment on all of Plaintiff's claims. (DN 27).

## II. Analysis

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-28, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *First Nat'l. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968). The evidence must be construed in a

light most favorable to the party opposing the motion. *Id*. at 587; *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

### A. Claims Against Jefferson County Sheriff's Department

In Plaintiff's Response to Defendants' Motion for Summary Judgment, Plaintiff concedes that all claims against the entity, Jefferson County Sheriff's Department, fail as a matter of law because the office is an entity, *non sui juris*. (DN 29 at p. 17). Police departments of local governments are not entities which may be sued and the local government itself is the proper party to address a plaintiff's complaint against a police department. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)). Jefferson County, Kentucky would be the proper party and Plaintiff further concedes that claims against Jefferson County, Kentucky fail because he "cannot establish a constitutional violation at trial." *Id*. Therefore, we will grant Defendants' motion for summary judgment on these claims.

### B. Claims Against Deputy Heller

Plaintiff also concedes that some of his remaining claims against Deputy Heller fail as a matter of law. Plaintiff concedes that proving a violation of his Eighth and Fourteenth Amendment rights "would be difficult." (DN 29 at p. 17). Therefore, we will grant Defendants' motion for summary judgment on these claims against Defendant Deputy Heller, as Plaintiff has not contested that summary judgment is proper.

Plaintiff also concedes that "claims against Deputy Heller in his official capacity are prerequisite to a § 1983 action." *Id*. "A suit against an individual in his official capacity is the equivalent of a suit against the government entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, Plaintiff's claims against Deputy Heller in his official capacity are actually claims

against Jefferson County, Kentucky, because Jefferson County Sheriff's Department may not be sued. *See id.* As discussed, Plaintiff has conceded that his claims against Jefferson County, Kentucky fail, and therefore summary judgment on all claims against Deputy Heller in his official capacity is proper.

Plaintiff's only remaining claims against Deputy Heller are those claims against him in his individual capacity, which include Plaintiff's state law claims and his claims for violations of his First, Fourth, Fifth, Sixth and Ninth Amendment rights pursuant to 42 U.S.C. § 1983. To prevail in an action brought pursuant to 42 U.S.C. § 1983, Plaintiff must prove that he was deprived of a right secured by the United States constitution or federal law, and that such deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brookes*, 436 U.S. 149, 155-56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

Defendants assert that Deputy Heller is entitled to qualified immunity as a matter of law. Public officials performing "discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). When the defense of qualified immunity is raised in the context of a motion for summary judgment, the nonmoving party must allege facts sufficient to indicate that the act in question violated clearly established law at the time the act was committed. *Dominque v. Telb*, 831 F.2d 673, 677 (6th Cir. 1987). An officer is entitled to qualified immunity if he or she could reasonably have believed that the arrest was lawful in light of clearly established law and the information that the officer possessed at the time. *Harris v. Bornhorst*, 513 F.3d 503, 511 (6th Cir. 2008).

"The Supreme Court instructs lower courts to perform a two-tiered inquiry to determine whether a defendant is entitled to qualified immunity." *Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 605 (6th Cir. 2006) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). First, we determine "whether the facts alleged show the officer's conduct violated a constitutional right." *Id*. If Plaintiff establishes that a constitutional violation occurred, then we consider "whether the right was clearly established." *Id*.

Defendants argue that Plaintiff's 42 U.S.C. § 1983 claims fail as a matter of law, because Plaintiff cannot prove a constitutional violation when he previously stipulated to probable cause in his underlying criminal proceeding. A stipulation of probable cause in an underlying criminal proceeding bars subsequent claims for unlawful search, false arrest, false imprisonment, and malicious prosecution. *See Trimbur v. Kentucky Lottery Corp.*, 64 Fed.Appx. 970, 974 (6th Cir. 2003) (holding that when a criminal defendant stipulates probable cause "as part of the state criminal charges," subsequent claims for false arrest, false imprisonment, and malicious prosecution are barred); *Pennington v. Dollar Tree Stores, Inc.*, 28 Fed.Appx. 482 (6th Cir. 2002) (extending stipulation of probable cause prohibition to state torts); *Broaddus v. Campbell*, 911 S.W.2d 281, 283-84 (Ky. App. 1995) (holding that stipulation of probable cause in criminal action "completely refute[d] his claim in the instant action that the prosecution was unfounded").

In this case, Plaintiff stipulated to probable cause in the state criminal action, but the case jacket states that the stipulation was with "regard to only Oldham County Sheriff's Department." (DN 27, Attachment 5). Both *Pennington* and *Broaddus* indicate that a limited stipulation of probable cause or reservation of rights by the criminal defendant could have preserved claims for false arrest, false imprisonment, or malicious prosecution. *See Pennington*, 28 Fed.Appx. at *3;

*Broaddus*, 911 S.W.2d at 284. Defendants contend that the limitation provided in Plaintiff's stipulation of probable cause is insufficient to preserve his claims against Deputy Heller, because it did not expressly state that Plaintiff reserved rights to bring suit against Deputy Heller or Jefferson County Sheriff's Department.

In *Broaddus*, the plaintiff argued that his stipulation of probable cause for the issuance of an indictment against him was not intended to bar his claim for malicious prosecution. 911 S.W.2d at 284. The court stated,

> Brauddus strenuously contends that it was his intent and that of the prosecutor that his admission of probable cause was for the protection of the Commonwealth Attorney and the grand jury, entities which, as the appellee points out, needed no such protections. Nevertheless, the stipulation contains no such limitations. It would have been a simple matter for Broaddus to have structured the agreement to preserve his right to bring a malicious prosecution action against the complaining witness, Campbell, but he did not. As he was aware all along that Campbell lied to the grand jury, Broaddus was peculiarly aware of the potential for a malicious prosecution action when he settled his criminal action.

*Id*.

We find that Plaintiff's limitation of his stipulation of probable cause was sufficient to preserve his claims against Deputy Heller. *Broaddus* does not require that a criminal defendant expressly state in the stipulation of probable cause that he reserves his right to bring later claims for malicious prosecution, false arrest, or false imprisonment, but only suggests that a stipulation of probable cause could be easily limited in some way. *See id.* We find that Plaintiff's limitation here, by only agreeing to a stipulation of probable cause as against one entity, could preserve any future claims he may have against other entities or individuals. Therefore, we find that Plaintiff is not estopped from challenging whether probable cause in fact existed at the time of his search, detainment, and arrest, in support of his claims against Deputy Heller.

However, as discussed below, we find that probable cause existed as a matter of law and that Deputy Heller is entitled to qualified immunity on all of Plaintiff's 42 U.S.C. § 1983 claims. Plaintiff alleges several different constitutional violations, including violations of his First, Fourth, Fifth, Sixth, and Ninth Amendment rights.

As to Plaintiff's First Amendment claim, it is unclear precisely what First Amendment right he alleges was infringed. Plaintiff's complaint is unclear and in his Response to Defendant's Motion for Summary Judgment, he only states under the heading "First Amendment," "Please, see discussion below subsection 3." (DN 29, at 13). However, under subsection 3, there is no discussion that is responsive to Defendants' Motion for Summary Judgment regarding Plaintiff's claim that a First Amendment right was violated. Reviewing the pleadings and evidence, we find that Plaintiff has failed to show any violation of a clearly established First Amendment right, and therefore, Deputy Heller is entitled to qualified immunity.

We similarly hold that Deputy Heller is entitled to qualified immunity on Plaintiff's claim that his Fourth Amendment rights were violated. The Fourth Amendment protects against any arrest without probable cause. *Crockett v. Cumberland College*, 316 F.3d 571, 580 (6th Cir. 2003). The Supreme Court stated in *Beck v. Ohio* that probable cause existed when the police have "reasonably trustworthy information [that is] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense" based on "the facts and circumstances within [the police's] knowledge" at the moment of the challenged conduct. 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964); *see also Peet v. City of Detroit*, 502 F.3d 557, 563-64 (6th Cir. 2007) (quoting *Beck*). "The probability of criminal activity is assessed under a reasonableness standard based on

an examination of all facts and circumstances *within an officer's knowledge at the time of an arrest*."

*Crockett*, 316 F.3d at 580 (emphasis in original).

Deputy Heller arrested Plaintiff for impersonating a police officer, which is defined by statute:

> A person is guilty of impersonating a police officer if he pretends to be a peace officer, or to represent a law enforcement agency or act with the authority or approval of law enforcement agency, with intent to induce another to submit to the pretended official authority or otherwise to act in reliance upon the pretense to his prejudice.

KRS § 519.055.

Reviewing the evidence in the light most favorable to Plaintiff, we find that probable cause existed at the time Deputy Heller searched and arrested Plaintiff. It is undisputed that Plaintiff was wearing his badge on his belt, where it was visible to the public. Jefferson County Deputy Heller received confirmation from both the Oldham County Sheriff's Department and Oldham County Sheriff Sparrow that Plaintiff was no longer associated with them. Jefferson County Deputy Heller was also operating on instructions from Oldham County Sheriff Sparrow to retrieve Plaintiff's identification and badge. We conclude that given the knowledge that Deputy Heller possessed at the time, it was reasonable to believe that Plaintiff was impersonating a police officer, in violation of KRS § 519.055.

Further, it is immaterial whether Plaintiff actually was a chaplain and special deputy at the time when Deputy Heller arrested him, and that he explained as much to Deputy Heller. What is relevant for our purposes is what facts and circumstances were within Deputy Heller's knowledge at the time he acted. *See Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002). Although police may take into consideration a suspect's explanation of suspicious behavior, "[a] policeman,

however, is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause." *Criss v. City of Kent*, 867 F.2d 259, 263 (6th Cir. 1988).

We find that probable cause existed at the time Deputy Heller searched and arrested Plaintiff, and that Plaintiff has failed to establish a violation of a clearly established Fourth Amendment right. Therefore, Deputy Heller is entitled to qualified immunity and summary judgment is proper.

Last, Plaintiff claims violations of his Fifth, Sixth, and Ninth Amendment rights. Again, it is unclear exactly what Fifth, Sixth, and Ninth Amendment rights Plaintiff is claiming were violated by Deputy Heller. Plaintiff's only argument in response to Defendants' Motion for Summary Judgment on these claims is that the Fourth and Fifth Amendments were "melded' by Justice Louis Brandeis and that Plaintiff had "the right to be left alone, the right to privacy, the right to enjoy a social event with his mother and daughter, the right to let the community see what he was a minister..." (DN 29 at 16).

As discussed, we have already found that no violation of Plaintiff's Fourth Amendment rights occurred because probable cause existed. The facts of this case also do not support a claim that any "right to privacy" of Plaintiff's was violated. In *Paul v. Davis*, a plaintiff alleged damage to his reputation resulting from an arrest that violated an individual's right to privacy guaranteed by the First, Fourth, Fifth, and Ninth Amendments, among others. 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). The U.S. Supreme Court rejected the claim, stating:

> In *Roe*, the Court pointed out that the personal rights found in this guarantee of personal privacy must be limited to those which are "fundamental" or "implicit in the concept of ordered liberty" as described in *Palko v. Connecticut*, 302 U.S. 319, 325 (1937). The activities detailed as being within this definition were ones very

> different from that which respondent claims constitutional protection matters relating to marriage, procreation, contraception, family relationships, child rearing and education. In these areas it has been held that there are limitations on the State's power to substantively regulate conduct. Respondent's claim is far afield from this line of decisions. He claims constitutional protection against the disclosure of the fact of his arrest of shoplifting charge. His claim is based, not upon any challenge to the State's ability to restrict his freedom of action in a sphere contended to be "private," but instead on a claim the State may not publicize a record of an official act such as an arrest. None of our substantive privacy decisions hold this or anything like this, and we decline to enlarge them in this matter.

*Id*. at 712-13. Therefore, Plaintiff's claims are not viable.

Further, the Sixth Amendment, which provides that a criminally accused individual shall enjoy the right to assistance of counsel for his defense during "criminal prosecutions" does not appear to have any application in this matter. *See Burchett v. Kiefer*, 310 F.3d 937, 946-47 (6th Cir. 2002). Plaintiff provides no allegations or argument to support his claim that his Sixth Amendment right was violated in his Complaint or his Response to Defendant's Motion for Summary Judgment, and we find no evidence in the record to support such a claim. Last, "the ninth amendment does not confer substantive rights in addition to those conferred by other portions of our governing law," but was only added to the Bill of Rights in order to safeguard the denial of fundamental rights "merely because they were not specifically enumerated in the Constitution." *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991).

Reviewing the record, we conclude that Plaintiff has failed to show a violation of any clearly established Fifth, Sixth, and Ninth Amendment rights. Thus, Deputy Heller is entitled to qualified immunity on all of Plaintiff's 42 U.S.C. § 1983 claims.

We now turn to Plaintiff's remaining state law claims. To prevail on an action for malicious prosecution, Plaintiff must establish: 1) the institution of charges against him; 2) the termination of the charge in his favor; 3) lack of probable cause by the person bringing the charge; 4) malice in the

institution of such proceedings; and 5) that he suffered damages as a result of the proceedings. *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981). As discussed, we find that Deputy Heller had probable cause when he acted against Plaintiff. Therefore, Plaintiff cannot establish all of the elements for his claim for malicious prosecution against Deputy Heller and summary judgment is proper. *See also Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003) (holding that where probable cause is established to justify an arrest and prosecution, no federal malicious prosecution claim is viable).

Similarly, Plaintiff's false imprisonment claim fails as a matter of law. Under Kentucky law, false imprisonment constitutes "the deprivation of the liberty of one person by another ... for however short a time without such person's consent and against his will, whether done by actual violence, threats or otherwise." *Banks v. Fritsch*, 39 S.W.3d 474, 479 (Ky. App. 2001). In order to succeed on a claim, the restraint must be "wrongful, improper, or without a claim of reasonable justification, authority or privilege." *Id*. Again, Plaintiff's claim fails because we have held that Deputy Heller acted with probable cause, making his actions proper, with reasonable justification, and pursuant to his authority. Defendant's motion for summary judgment on Plaintiff's false imprisonment claim will be granted.

Plaintiff also asserts state law claims of assault and battery. Under Kentucky law, when assessing claims for assault and battery in the context of an arrest, "the focus is on whether the police officer had reasonable grounds to believe and did believe in good faith that the plaintiff had committed an arrestable offense." *Dunn v. Felty*, 2005 WL 736596, *2 (Ky. App. 2005). A police officer is only liable for assault and battery if he lacked reasonable grounds for the arrest. *Id*. As

discussed above, we concluded that probable cause existed as a matter of law. Therefore, Plaintiff's claims for assault and battery fail also.

Last, Plaintiff's claim for defamation fails. In order to prove a claim for defamation, Plaintiff must prove: 1) defamatory language; 2) about Plaintiff; 3) publishing of same; and 4) injury to reputation. *Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270, 273 (Ky. App. 1981). "The existence of probable cause also precludes [a plaintiff's] claim for defamation." *Burden v. Hampton*, 2012 WL 162710 *4 (Ky. App. Jan. 20, 2012). Public officers "are entitled to qualified official immunity for discretionary acts or functions, that were made in good faith, and were within the scope of their authority." *Id*. (citing *Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006)). Further, Plaintiff has not made any allegations or put forth any evidence that Deputy Heller publicized the arrest or charges beyond the scope of his official duties, making Plaintiff's claim untenable. *See id.* (holding where a reasonable basis existed to believe a crime occurred, and "there is no evidence that the officers abused [their qualified official immunity] privilege by publicizing the charges beyond the scope of their official duties," the officers were "immune from liability for reporting those charges"). Therefore, because we found probable cause existed, Plaintiff's claim for defamation fails under Kentucky law and summary judgment is proper.

We do not express an opinion on whether Plaintiff could have succeeded on claims against Oldham County Sheriff Sparrow or Oldham County, Kentucky as that issue is not before us and Plaintiff has already stipulated that probable cause existed for his arrest as against the Oldham County Sheriff's Department.

An order consistent with this opinion will be entered this date.